**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Michael Perri,<br><br>Plaintiff,<br><br>vs.<br><br>Diversified Adjustment Service, Inc.,<br><br>Defendant. | No. CV-18-01571-PHX-DGC<br><br>**ORDER** |

Defendant has filed a motion for attorneys' fees based on a finding that Plaintiff filed suit in bad faith. Doc. 27. Plaintiff opposes the motion. Doc. 27-1 at 1. For reasons stated below, the Court will deny the motion.

**I.  Background.**

In May 2018, Plaintiff filed a pro se complaint against Defendant in Globe Regional Justice Court. Doc. 1-3. The pleading asserts claims for defamation, negligent enablement of identity theft, and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681n. *Id.* Plaintiff sought $1,000 in damages on each claim. *Id.* Defendant removed the case to this Court based on federal question jurisdiction. Doc. 1. The case was dismissed due to Plaintiff's failure to comply with the Court's orders and otherwise prosecute the action. Docs. 21, 26.

**II.  Discussion.**

Defendant seeks an award of attorneys' fees under the FCRA. Doc. 27. The relevant section provides that "[u]pon a finding by the court that an unsuccessful

pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party [reasonable] attorney's fees[.]" 15 U.S.C. § 1681n(c). Defendant bears the burden of demonstrating that an award of fees is warranted under § 1681n(c). *See DeBusk v. Wachovia Bank*, No. CV-06-0324-PHX-NVW, 2006 WL 3735963, at *4 (D. Ariz. Nov. 17, 2006).

Defendant contends that Plaintiff disobeyed several Court orders, including one requiring him to appear at the Rule 16 scheduling conference. Doc. 27 at 4-5. But the Court terminated the case as a sanction for Plaintiff's failure to comply with its orders. Docs. 21, 25. Moreover, courts addressing attorneys' fee awards under § 1681n(c) "have consistently concluded that fees may be awarded under this provision only when a pleading or other document was filed in bad faith, and may not be based on misconduct during the pendency of the action[.]" *Arutyunyan v. Cavalry Portfolio Servs.*, No. CV 12-4122 PSG AJWX, 2013 WL 500452, at *2 (C.D. Cal. Feb. 11, 2013) (citing cases); *see Rogers v. Johnson-Norman*, 514 F. Supp. 2d 50, 53 n.1 (D.D.C. 2007) ("The Court [has] observed that plaintiff's contumacious conduct throughout the discovery process amounted to bad faith, . . . but that does not amount to a finding that the FCRA claim was filed in bad faith."); *Wolding v. Clark*, No. 10-10644, 2012 WL 6212713, at *2 (E.D. Mich. Dec. 13, 2012) ("The plain language of the statute requires a showing that the pleading, motion, or other paper was *filed* in bad faith or for harassment purposes. It is not enough to show that the 'pleading, motion, or other paper' in question later turned out to be baseless.") (emphasis in original).

Defendant further contends that Plaintiff's action is frivolous. Doc. 27 at 4-6. Because Plaintiff failed to prosecute this action, no factual or legal findings were made on the merits of his claims. "On such a thin record, it is not possible to conclude that the [action] was filed in bad faith or for the purposes of harassment." *Johnson v. Credence Res. Mgmt.*, No. CV 16-3936, 2017 WL 432534, at *2 (E.D. Pa. Feb. 1, 2017); *see Shah v. Collecto, Inc.*, No. CIV.A. 2004-4059, 2005 WL 2216242, at *15 (D. Md. Sept. 12,

2005) (denying fee motion under the FCRA where there was "no indication on the record that Plaintiff acted with a dishonest purpose or with ill will, or that Plaintiff's claims were 'utterly without factual foundation'") (citation omitted).[1]

Defendant notes that on the same day as the scheduling conference, Plaintiff filed a second complaint in the Globe justice court that omitted the FCRA claim. *See* Doc. 27-2. Plaintiff's decision to abandon the FCRA claim, Defendant asserts, shows that he initially filed the claim in bad faith and to harass Defendant. Doc. 27 at 5-6. Another plausible explanation, however, is that Plaintiff sought to defeat federal question jurisdiction and litigate his state law claims in Globe. This is consistent with Plaintiff's request for a continuance to try to obtain "federal court civil legal help" (Doc. 23), and his statement to defense counsel that he filed the second lawsuit because he did not want to drive to Phoenix to litigate his claims (Doc. 27 at 3).

Defendant further notes that neither complaint contains a single factual allegation. Doc. 27 at 5. Although the applicable rules require that the complaint contain "[a] short and clear statement of the factual basis of each claim," Justice Ct. R. Civ. P. 111(b)(3), the Court cannot infer bad faith or harassment from the lack of such information in a pro se Plaintiff's pleadings.[2]

Defendant claims that the harassing nature of Plaintiff's conduct is evidenced by an email he sent to defense counsel concerning the request for attorneys' fees. Doc. 27

---

[1] Defendant cites cases from the Northern District of Illinois which found that that the bad faith requirement is met where the plaintiff filed an action that was "frivolous, unreasonable, or without foundation." Doc. 27 at 4 (citing *Ryan v. Trans Union Corp.*, No. 99 C 216, 2001 WL 185182, at *5 (N.D. Ill. Feb. 26, 2001)); *see Mayle v. Equifax Info. Sys., LLC*, No. 03 C 8746, 2005 WL 8147164, at *2 (N.D. Ill. Mar. 18, 2005). Those cases in turn relied on a Supreme Court decision holding that attorneys' fees are recoverable under Title VII where the action "was frivolous, unreasonable, or without foundation, *even though not brought in subjective bad faith.*" *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) (emphasis added). Because the Court has not determined that this action is frivolous, it need not decide whether a fee award is appropriate under the FCRA absent a showing of subjective bad faith.

[2] The Justice Court Rules of Civil Procedure are available at *Gila County, Arizona*, http://www.gilacountyaz.gov/government/courts/payson_regional_justice_court/small_claims.php (last visited Dec. 18, 2018).

at 5-6. Plaintiff called the attorneys "scammers" and "dishonest dirt bags." Doc. 27-3. Those remarks reflect poorly on Plaintiff, but they do not establish that he filed this action in bad faith.

In summary, Defendant has not shown that Plaintiff filed any document in this case in bad faith or for harassment purposes as required for an award of attorneys' fees under the FCRA. Defendant's motion therefore must be denied. *See Burns v. Bank of Am.*, 655 F. Supp. 2d 240, 253 (S.D.N.Y. 2008) (denying fee motion where the defendant "ha[d] not put forth sufficient evidence to establish that Plaintiffs' FCRA claim was filed in bad faith or for the purposes of harassment"); *Roybal v. Trans Union*, No. 05-cv-1207-MCE-KJM, 2009 WL 394290, at *1 (E.D. Cal. Feb.17, 2009) (declining to award attorneys' fees where there was "no evidence that [the] action was brought in bad faith or for purposes of harassment").[3]

**IT IS ORDERED:**

1. Defendant's motion for attorneys' fees (Doc. 27) is **denied**.

2. Defendant shall have until **January 7, 2019** to file a bill of costs with the Clerk of Court.

Dated this 19th day of December, 2018.

*David G. Campbell*
David G. Campbell
Senior United States District Judge

---

[3] Defendant has attached a notice of taxation of costs for its $400 filing fee. Doc. 27-4. Defendant may file a bill of costs with the Clerk of Court by **January 7, 2019**. *See* LRCiv 54.1(a).

- 4 -